IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL H. MCGLOTTEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 11-1167-SLR |
| | ) |
| DAVID PIERCE, Warden, | ) |
| and ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondents.[1] | ) |

Samuel H. McGlotten. Pro se petitioner.

Maria T. Knoll. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

January 8, 2015
Wilmington, Delaware

---

[1] Warden David Pierce is substituted for former Warden Perry Phelps, an original party to the case. See Fed. R. Civ. P. 25(d).

ROBINSON, District Judge

## I. INTRODUCTION

Petitioner Samuel H. McGlotten ("petitioner) has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2) Petitioner is an inmate in custody at the James T. Vaughn Correctional Center in Wilmington, Delaware. For the reasons that follow, the court will dismiss his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In July 2007, members of the Governor's Task Force ("GTF") arrested William Holloman on drug charges. *See State v. McGlotten*, 2011 WL 987534, at *2 (Del. Super. Mar. 21, 2011). The GTF asked Holloman to provide the name of drug suppliers, and Holloman gave them petitioner's name. *Id.* While being monitored by the police, Holloman contacted petitioner to arrange a drug purchase at a gas station. The police recorded the phone calls between Holloman and petitioner by holding a tape recorder up to Holloman's telephone. *See McGlotten v. State*, 26 A.3d 214 (Table), 2011 WL 3074790, at *1 (Del. July 25, 2011). These recordings were admitted into evidence during petitioner's trial. After arranging the drug purchase, the police officers then conducted surveillance of the gas station at the appointed time. The officers saw petitioner drive his car into the parking lot, park next to a portable toilet and exit the vehicle. Petitioner stood next to the passenger side of the car and called Holloman to let him know where he was. The front seat passenger in petitioner's car then exited the vehicle and went into the toilet. Officers approached petitioner and apprehended him as he was about to enter the driver's side of the vehicle. The officers found over forty grams of cocaine packaged in smaller baggies on the ground where petitioner had been

standing. The police arrested petitioner and conducted an interview that was recorded onto a DVD. *Id.*

The other individuals in petitioner's vehicle included the female front seat passenger who entered the portable toilet, a female back seat passenger, and a male back seat passenger. *See McGlotten*, 2011 WL 987534, at *2. The two female passengers had marijuana on their persons. *Id.*

In December 2007, a Delaware Superior Court jury convicted petitioner of trafficking cocaine, possession with the intent to deliver cocaine, maintaining a vehicle for keeping controlled substances, and possession of drug paraphernalia. *See McGlotten*, 2011 WL 3074790, at *1. The Superior Court sentenced him to a total of forty-nine years at Level V incarceration, to be suspended after serving twenty-five years in prison for decreasing levels of probation. *Id.* The Delaware Supreme Court affirmed petitioner's convictions on direct appeal. *McGlotten v. State*, 963 A.2d 139 (Table), 2008 WL 5307990 (Del. Dec. 22, 2008).

In August 2009, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court denied. *State v. McGlotten*, 2009 WL 3335325 (Del. Super. Oct. 8, 2009). Petitioner appealed, and the Delaware Supreme Court remanded the case for expansion of the record and reconsideration of the merits of petitioner's ineffective assistance of counsel claims. On remand, the Superior Court denied the Rule 61 motion. *State v. McGlotten*, 2011 WL 987534 (Del. Super. March 21, 2011). The Delaware Supreme Court affirmed that judgment. *McGlotten*, 2011 WL 3074790, at *5.

2

Petitioner timely filed a § 2254 application in this court. (D.I. 2) The State filed an answer, arguing that the court should deny the application for failing to satisfy § 2254(d). (D.I. 11)

## III. STANDARD OF REVIEW

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied"; as recently explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 784-85 (2011).

3

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## IV. DISCUSSION

Petitioner's application asserts the following nine ineffective assistance of counsel claims: (1) counsel erred by withdrawing his objection to the State's late admission of the DVD recording of petitioner's police interview; (2) counsel failed to raise a due process claim regarding the State's failure to conduct a preliminary hearing within ten days; (3) counsel failed to investigate the case and request witness statements prior to trial or after the witness testified; (4) counsel failed to file a discovery request pursuant to Delaware Superior Court Criminal Rule 16; (5) counsel failed to file a motion to dismiss pursuant to Superior Court Criminal Rule 48 based on the delayed medical examiner's report and continuance requests; (6) counsel failed to object to perjured testimony; (7) counsel failed to file a suppression motion; (8) counsel failed to file a timely motion for judgment of acquittal; and (9) counsel failed to object to petitioner appearing at trial in his prison garb. Petitioner presented all nine claims to the Delaware Supreme Court on post-conviction appeal, and that court denied the claims as meritless. Therefore, habeas relief will only be available if the Delaware Supreme

4

Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law.

The clearly established law governing the instant ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688.

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

In this case, the Delaware Supreme Court applied the *Strickland* standard when it affirmed the Superior Court's denial of claim two. Thus, the Delaware Supreme Court's decision was not contrary to clearly established federal law. *See Williams*, 529 U.S. at 406.

The court's inquiry under § 2254(d)(1) is not over, because it must also determine if the Delaware Supreme Court's denial of claim two as meritless involved a reasonable application of *Strickland*. When performing this inquiry, the court must review the Delaware Supreme Court's decision with respect to petitioner's ineffective assistance of counsel claims through a "doubly deferential" lens. *Harrington*, 131 S.Ct. at 788. In other words, "the question is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

## A. Claim One: Counsel Should Not Have Withdrawn Objection to DVD

A written summary of petitioner's taped DVD interview with police was provided prior to the trial, but the State did not provide the DVD itself until the day of the trial. *See McGlotten*, 2011 WL 3074790, at *2. Defense counsel objected to the admission of the DVD and a recess was taken so that he could review it. However, counsel withdrew his objection to the admission of the DVD after he finished reviewing it. *Id.*

In claim one, petitioner contends that counsel was ineffective for withdrawing his objection to the admission of the late-disclosed DVD of his interview with the police. The record reveals that petitioner complained about the State's late disclosure of the DVD on direct appeal. The Delaware Supreme Court denied the claim after concluding that the trial court "acted well within its discretion in resolving this discovery matter," because nothing in the record indicated "that an earlier disclosure of the recording would have resulted in a different outcome at trial." *McGlotten*, 2008 WL 3977917, at *2.

6

Thereafter, petitioner raised the issue of the late disclosure in his Rule 61 proceeding, this time arguing that counsel was ineffective for failing to pursue his objection to the State's untimely disclosure of the DVD. The Superior Court denied the argument because the trial court had "deemed the failure [to timely produce the DVD] inadvertent." *McGlotten,* 2011 WL 987534, at *8. Petitioner appealed that decision, and the Delaware Supreme Court affirmed the Superior Court's judgment after determining that petitioner failed to demonstrate that he suffered any prejudice from the untimely disclosure. *See McGlotten*, 2011 WL 3074790, at *2. More specifically, the Delaware Supreme Court explained that an earlier disclosure of the DVD would not have changed the outcome of the trial, because it did not contain any prejudicial or incriminating material and the substance of the DVD was disclosed to the defense in a timely manner in a written summary. *Id*.

After reviewing the record, the court concludes that the Delaware Supreme Court's denial of claim one involved a reasonable application of *Strickland*. In his Rule 61 affidavit, defense counsel explains that he withdrew his objection to the late admission of the DVD after determining that nothing in the DVD was incriminating or prejudicial, and that the police report accurately summarized the contents of the DVD. (D.I.13, State's Answering Supplemental Memo. in *McGlotten v. State*, No.634,2009, at B-19) Petitioner has not provided anything to dispute counsel's or the Delaware Supreme Court's conclusion that the DVD was neither incriminatory nor prejudicial. Thus, when viewed in context with the facts of petitioner's case, counsel's reasons for withdrawing his objection to the late disclosure of the DVD were objectively reasonably.

Additionally, petitioner does not contend that the DVD differed from the written summary of the interview that was provided to counsel prior to the start of the trial, nor does he explain **how** he was prejudiced by the late disclosure of the DVD. Instead, he incorrectly asserts that the lateness of the disclosure itself constitutes prejudice. Accordingly, the court will deny claim one for failing to satisfy § 2254(d).

### B. Claim Two: Counsel Failed to Challenge Untimely Preliminary Hearing

Next, petitioner contends that counsel was ineffective for not raising a due process claim regarding the State's failure to conduct a preliminary hearing within ten days of his initial court appearance. As explained by the Superior Court during petitioner's Rule 61 proceeding, petitioner was arrested on July 12, 2007 and his initial appearance before the Justice of the Peace took place on that date. *McGlotten*, 2011 WL 987534, at *5. His preliminary hearing was originally scheduled for July 19, 2007. However, because the testifying officer was not available on July 19, 2007, the State requested a continuance until July 26, 2007. Defense counsel did not object to the continuance request, and the preliminary hearing took place on July 26, 2007. *Id.*

Pursuant to Delaware Court of Common Pleas Criminal Rule 5(d), a preliminary hearing for an incarcerated defendant is to be held within ten days of his initial appearance before the committing magistrate. *See* Del. Ct. C.P. Crim. R. 5(d). Petitioner's preliminary hearing was initially scheduled for seven days after his presentment, but was continued another seven days because the necessary police officer was unavailable to testify, and the hearing was held fourteen days after his initial presentment. *See McGlotten*, 2011 WL 3074790, at *2.

8

Petitioner raised this same claim in his Rule 61 motion and again on post-conviction appeal. The Delaware State Courts denied the argument as meritless because petitioner did not establish the requisite prejudice under *Strickland*. As explained by the Delaware Supreme Court on post-conviction appeal, "even if counsel had objected to the continuance and the court had dismissed [petitioner's] case at the preliminary hearing stage, the State still would have been entitled to seek an indictment against [petitioner] on the same charges. In fact, the grand jury did indict [petitioner] [] on August 13, 2007." *McGlotten*, 2011 WL 3074790, at *2.

In this proceeding, petitioner cannot demonstrate that he was prejudiced by counsel's failure to object to a brief and reasonable continuance of his criminal proceeding, because any dismissal of his charges at the preliminary hearing would have been temporary; it would not have ended the case against him. Accordingly, the court concludes that Delaware State Courts reasonably applied *Strickland* in denying this claim.

### C. Claim Three: Counsel Failed to Investigate or Obtain Witness Statements

In claim three, petitioner contends that counsel provided ineffective assistance because he failed to conduct any pretrial investigation and failed to interview potential witnesses. Although not explicitly stated, petitioner appears to be complaining that defense counsel did not interview or call as witnesses the two women who were in his vehicle at the time of his arrest.

This allegation does not warrant relief. In his Rule 61 affidavit, defense counsel explains how he reviewed the police reports that contained all the witness statements,

and that he provided those reports to petitioner. Counsel also spoke to the prosecutor about the case, and reviewed the audio tapes of the preliminary hearing as well as the recorded conversations between petitioner and Holloman. As for not interviewing the two women who were in petitioner's vehicle, counsel explains that,

> [i]n light of the fact that there were recorded conversations between [petitioner] and Mr. Holloman (at the very least discussing the meeting place) as well as the fact that [petitioner] was the driver of the vehicle, it was unlikely that the witnesses would provide any helpful material to the defense. Counsel made a strategic decision not to use these women as witnesses at trial, as their absence assisted the defense [in] raising alternate possibilities. The defense attempted to highlight the fact that [petitioner] was not seen physically holding anything other than a cell phone when he exited the vehicle, yet the cocaine appeared on the ground outside the passenger side of the vehicle. Furthermore, one of the women had a baggie of marijuana on her person. In arguing reasonable doubt, counsel reminded the jury that with other people in the car, at least one of whom had exited, and one of whom actually possessed drugs, coupled with the fact that [petitioner] was never observed in actual possession of the cocaine, the jury was simply left with too many questions.

(D.I.13, State's Answering Supplemental Memo. in *McGlotten v. State*, No.634,2009, at B-15) Based on the record and counsel's Rule 61 affidavit, both the Superior Court and the Delaware Supreme Court concluded that counsel did, in fact, perform a reasonable pretrial investigation, and that counsel's reason for not interviewing the passengers in petitioner's vehicle constituted a reasonable trial strategy.

After viewing the Delaware State Courts' decisions through the doubly deferential lens applicable on habeas review, the court concludes that defense counsel's actions satisfied *Strickland*'s standard. If counsel had questioned the women and had learned that neither of them were responsible for the drugs the police found on the ground by petitioner's car, ethically, defense counsel could not have suggested that the passengers, and not petitioner, were responsible for the drugs. Moreover, petitioner

10

has not provided any description of the testimony he believes the "potential" witnesses would have provided. Petitioner's conclusory and self-serving statement that, "without any interviews, counsel could not properly prepare [] any trial," fails to establish a reasonable probability that the outcome of his trial would have been different but for counsel's actions. (D.I. 2 at 22) For these reasons, the court will deny claim three.

### D. Claim Four: Counsel Failed to File the Motion for Discovery of Certain Evidence Drafted by Petitioner

In claim four, petitioner contends that counsel was ineffective for failing to file the motion for discovery petitioner drafted requesting nineteen items after the State allegedly failed to provide all of the evidence requested in defense counsel's standard discovery request pursuant to Delaware Superior Court Criminal Rule 16. The Delaware State Courts denied this claim as meritless.

In his Rule 61 affidavit, counsel explains that he received automatic discovery from the State pursuant to an agreement, and that the discovery provided by the State contained all of the materials counsel would have requested had he filed a motion pursuant to Rule 16. In this proceeding, petitioner does not identify or explain how any particular item he did not receive could have affected the outcome of his case. As such, petitioner's conclusory allegation fails to demonstrate a reasonable probability that the outcome of his trial would have been different if counsel had filed the discovery motion drafted by petitioner. Accordingly, the court concludes that the Delaware Supreme Court reasonably applied *Strickland* in denying claim four.

### E. Claim Five: Counsel Failed to File a Motion to Dismiss After the Case was Continued

Petitioner's final case review was scheduled for November 21, 2007, with a trial date of November 27, 2007. *See McGlotten*, 2011 WL 987534, at *8. During his November 21, 2007 case review, the State stated that the Medical Examiner's Report was not yet available. The trial court rescheduled the case review to November 26, 2007, and kept the trial date for November 27, 2007. On November 26, 2007, the State asked for a continuance because the Medical Examiner's Office had not yet provided a complete report. Defense counsel objected to the continuance. However, the trial court granted the continuance, setting the case review for December 5, 2007 and the trial for December 12, 2007. *Id.*

In claim five, petitioner contends defense counsel should have filed a formal motion to dismiss under Delaware Superior Court Criminal Rule 48(b) when the State requested its continuance, rather than just lodging an objection to the continuance. Petitioner raised this same argument in his Rule 61 motion, and the Superior Court rejected it, stating that

> [t]rial counsel had objected to the continuance of the trial. He practically did seek to have the case dismissed for failing to prosecute. To have thereafter formally moved for a dismissal under Rule 48(b) would have been frivolous. The decision not to file a frivolous motion was reasonable. Alternatively, had trial counsel made the motion, the [trial c]ourt would have denied it. A two week continuance of [petitioner's] trial based upon a delay in obtaining the Medical Examiner's Report would not have supported a dismissal pursuant to Superior Court Criminal Rule 48(b).

*McGlotten*, 2011 WL 987534, at *9. The Delaware Supreme Court affirmed that decision, explicitly holding that petitioner was unable "to establish any prejudice from

12

counsel's failure to file a motion to dismiss because [] there was not a sufficient basis for such a motion, and it would have been denied." *McGlotten*, 2011 WL 3074790, at *3.

On habeas review, the court defers to the Delaware Supreme Court's determination that a Rule 48 motion to dismiss would have been denied because the two-week continuance of petitioner's trial did not provide sufficient grounds to grant such a motion. Consequently, the court concludes that the Delaware Supreme Court reasonably applied *Strickland* in holding that counsel's failure to file a baseless motion to dismiss did not amount to constitutionally ineffective assistance of counsel.

### F. Claim Six: Counsel Failed to Object to Perjured Testimony

Next, petitioner contends that defense counsel failed to object when two witnesses perjured themselves during the trial. First, he alleges that Detective Smith perjured himself because he testified during the preliminary hearing that he did not recall whether Holloman was to purchase a specific amount of cocaine, but then he testified during the trial that Holloman was to purchase an ounce of cocaine. Second, petitioner contends that Holloman perjured himself during cross-examination by responding, "I'm not sure," to defense counsel's question about whether the outcome of Holloman's pending criminal charges depended on his testifying against petitioner at trial. For the following reasons, neither of these allegations warrant relief.

As explained by defense counsel in his Rule 61 affidavit, Detective Smith's preliminary hearing testimony was technically correct because neither petitioner nor Holloman used the term "an ounce" in their discussions concerning the drug purchase. (D.I.13, State's Answering Supplemental Memo. in *McGlotten v. State*, No.634,2009, at B-18) Instead, they used the phrase, "I need to get straight for tomorrow," which is

13

typical "drug dealing" language indicating a desire to purchase an ounce of cocaine. *Id*. In addition, counsel's Rule 61 affidavit explains that he did not focus on the agreement between petitioner and Holloman because he did not want the jury to hear that petitioner "routinely sold drugs to [] Holloman, and [that] it was customary in their business relationship for [] Holloman to purchase one to two ounces of cocaine from petitioner (which was the approximate amount found at the scene)." *Id*. Counsel explains that, "[a]lthough the State agreed not to introduce this evidence during its case-in-chief, counsel knew that focusing too much on a specific agreement would ultimately open the door for the State to introduce the business relationship, which would spell disaster for" petitioner. *Id*. On post-conviction appeal, the Delaware Supreme Court held that counsel's failure to object did not amount to ineffective assistance but, rather, constituted "sound trial strategy." *McGlotten*, 2011 WL 3074790, at *3.

The record reveals that, when defense counsel cross-examined Holloman about the differences between his testimony and what was heard on the audio tapes of Holloman's conversations with petitioner, the State objected and argued that, if Holloman answered defense counsel's question, it would open up the door to the prior drug deals between Holloman and petitioner. Petitioner's conclusory allegation in this proceeding fails to convince the court that the Delaware Supreme Court unreasonably applied *Strickland* in denying his instant contention.

As for petitioner's complaint that counsel should have objected to Holloman's statement on cross-examination that he was not sure if his testimony would affect his pending criminal charges, petitioner has not provided any evidence to support his allegation that Holloman's statement was false or perjured. Consequently, the court

14

cannot conclude that the Delaware Supreme Court unreasonably applied *Strickland* in holding that defense counsel's actions in this respect did not amount to ineffective assistance.

Accordingly, the court will deny claim six in its entirety for failing to satisfy § 2254(d).

### G. Claim Seven: Counsel Failed to File Motions to Suppress Certain Evidence

In claim seven, petitioner contends that counsel was ineffective because he did not file motions to suppress petitioner's police statement, the cocaine seized, and the recorded phone calls between petitioner and Holloman. After explaining that the trial court would have denied as meritless a motion to suppress based on any of these grounds, the Delaware State Courts held that counsel's failure to file suppression motions raising these grounds did not constitute ineffective assistance.

An attorney does not provide ineffective assistance by failing to raise meritless objections or file meritless motions. *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). In turn, on habeas review, the court must accept as correct the Delaware Supreme Court's interpretation and application of Delaware law. *See Bradshaw v. Richey*, 546 U.S. 74, 126 S.Ct. 602, 604 (2005). For these reasons, the court concludes that the Delaware Supreme Court reasonably applied *Strickland* in denying petitioner's allegation regarding counsel's failure to file a suppression motion on the aforementioned grounds.

Petitioner also contends that counsel should have filed a motion to suppress his arrest on the ground that the police never obtained an arrest warrant. The Superior

15

Court denied this claim as meritless, explaining that, pursuant to Del. Code Ann. tit. 11, §1904(b), a warrant was not required because the police had reasonable grounds to believe a felony had been committed. See McGlotten, 2011 WL 987534, at *11. On post-conviction appeal, the Delaware Supreme Court implicitly affirmed that decision.

The Delaware State Courts did not unreasonably apply Strickland in denying the instant contention. The taped phone conversations between petitioner and Holloman arranging the drug purchase, as well as the packaged cocaine found on the ground where petitioner had been standing prior to getting back into his vehicle, provided the police with reasonable grounds to believe that petitioner had committed a felony. Therefore, defense counsel's decision to forego challenging the absence of an arrest warrant was within the wide range of reasonable professional assistance.

### H. Claim Eight: Counsel Failed to File Motion For Judgment of Acquittal

In claim eight, petitioner argues that counsel should have filed a motion for judgment of acquittal due to insufficient evidence. However, on direct appeal, the Delaware Supreme Court explicitly held that there was "sufficient evidence from which the jury could have found [petitioner] guilty beyond a reasonable doubt." McGlotten, 2008 WL 5307990, at *1. Given the Delaware Supreme Court's holding that there was sufficient evidence to support petitioner's conviction, the court concludes that the Delaware State Courts reasonably applied Strickland in holding that counsel was not ineffective for failing to file a motion for judgment of acquittal. Thus, the court will deny claim eight as meritless

16

## I. Claim Nine: Counsel Failed to Object to Prison Garb

Finally, petitioner contends that counsel was ineffective for failing to object when petitioner stood trial in his prison clothing. Citing Delaware precedent which, in turn, cites *Estelle v. Williams*, 425 U.S. 501, 512 (1976), the Delaware Supreme Court determined that petitioner failed to establish prejudice under *Strickland* because petitioner was not forced to appear at trial in prison clothing and there was no evidence in the record that his appearance in prison garb prejudiced him. *See McGlotten*, 2011 WL 3074790, at *4 (citing *Smith v. State*, 2009 WL 1659873 (Del. June 15, 2009)).

In *Estelle*, the Supreme Court held that compelling a criminal defendant to appear at trial wearing prison clothing violates the defendant's right to a fair trial and impairs the presumption of innocence. *Id.* However, "the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Id.* The Supreme Court explained the "reason for this judicial focus upon compulsion" on the fact that "instances frequently arise where a defendant prefers to stand trial before his peers in prison garments." *Id.* at 508. The Supreme Court also noted that "it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury." *Id.*

Notably, in this proceeding, petitioner does not allege, and the record does not reflect, that he objected to appearing in prison clothing at any time. According to defense counsel's Rule 61 affidavit, petitioner never requested to wear civilian clothing and nobody ever provided alternative clothing for petitioner. Finally, even if counsel improperly "permitted" petitioner to appear in prison clothing, petitioner has failed to

17

demonstrate a reasonable probability that the outcome of his trial would have been more favorable if he had been wearing street clothing. Given all of these circumstances, the court concludes that the Delaware Supreme Court reasonably applied *Strickland* in denying claim nine.

## V. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI. CONCLUSION

For the foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254. An appropriate order will be entered.